# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| UNITED STATES | ) | No. ACM 40261 (f rev) |
| *Appellee* | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jason D. ORT | ) | |
| First Lieutenant (O-2) | ) | |
| U.S. Air Force | ) | |
| *Appellant* | ) | Panel 1 |

On 25 January 2022, Appellant was tried by a general court-martial at Joint Base Andrews-Naval Air Facility Washington, Maryland. He was convicted, consistent with his pleas, of five specifications of knowingly making recordings of the private areas of individuals without their consent and under circumstances in which they had a reasonable expectation of privacy, in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c; and one specification of attempting to make a recording of the private area of an individual without her consent and under circumstances in which she had a reasonable expectation of privacy, in violation of Article 80, UCMJ, 10 U.S.C. § 980.[1]

During the preliminary hearing, Preliminary Hearing Officer (PHO) Exhibit 23 was provided to and reviewed by the PHO. On page 5 of the preliminary hearing report, the PHO described the exhibit as: a .mp4 file type, contained on a compact disc, 30 seconds in length, undated, with a file name of "11-05-49_2m." The PHO sealed Exhibit 23.

Upon this court's review of the record, we noted an issue with PHO Exhibit 23 in the original record of trial filed with the court. Specifically, the disc was blank. Thus, it appears that PHO Exhibit 23, and by extension the preliminary hearing report as a whole, had not been properly attached to the record. *See* Rule for Courts-Martial (R.C.M.) 1112(f)(1)(A).[2]

---

[1] All references in this order to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Specifically, the preliminary hearing report shall be attached to the record of trial if not used as a trial exhibit. The court notes that neither the preliminary hearing report nor PHO Exhibit 23 appear to have been used as an exhibit at trial.

On 2 August 2022, this court ordered the Government to show good cause as to "why this court should not remand this record for completion and correction." On 19 August 2022, the Government responded to the Show Cause Order, recommending that the case "be returned to the military judge to correct the record in accordance with R.C.M. 1112(d)." On 31 August 2022, this court ordered the record of trial returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the correct version of sealed PHO Exhibit 23, and any other portion of the record that is determined to be missing or defective after consultation with the parties. *United States v. Ort*, No. ACM 40261, 2022 CCA LEXIS 521, at *2 (A.F. Ct. Crim. App. 31 Aug. 2022) (order).

On 21 September 2022, the record of trial was returned to this court purportedly complete post-remand. However, upon review of PHO Exhibit 23 by defense counsel, it was brought to this court's attention that it is a duplicate of PHO Exhibit 24 and that there is no such exhibit in the record that matches the PHO's description of PHO Exhibit 24. Therefore, this court once again returns this case to the military judge to correct the record in accordance with R.C.M. 1112(d).

Accordingly, it is by the court on this 11th day of October, 2022,

**ORDERED:**

The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the correct version of sealed PHO Exhibit 24, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **31 October 2022**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than 27 October 2022 of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court